## C. G. BRAXMAR CO. v. OLPP.

### (Supreme Court, Appellate Term. June 21, 1912.)

CORPORATIONS (§ 417*)—DIVIDENDS—DECLARATION OF DIVIDENDS.

An agreement by the president of a corporation to release a claim against a stockholder, in consideration of the stockholder's release of his interest in the surplus of the corporation, is invalid; stockholders having no interest in the surplus until the board of directors declares a dividend, and the transaction practically amounting to a declaration of a dividend by the president in favor of a single stockholder, which even the board of directors could not do.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1670–1675; Dec. Dig. § 417.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the C. G. Braxmar Company against Charles F. Olpp. From a judgment for defendant, after a trial by the court without a jury, plaintiff appeals. Reversed, and new trial granted.

Argued June term 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Theron Davis, of New York City, for appellant.

Gerard J. Cuoco, of New York City, for respondent.

LEHMAN, J. The plaintiff sues for goods sold and delivered. The defendant admits the pleading in the complaint, but urges as a defense that at the time of the sale and delivery of the goods he was a stockholder and officer of the plaintiff corporation, that at that time he resigned his office in the corporation, that at that time the corporation had a considerable surplus, and that it was mutually agreed that the plaintiff should release its claim against the defendant, in consideration of the defendant releasing his claims to a part of the surplus. At the trial the defendant testified that he had made this alleged agreement with the plaintiff's president. The plaintiff's president denied this conversation absolutely. In spite of many improbabilities in the defendant's story, the trial justice gave judgment in his favor.

Even if I believed that the defendant had made out his defense by a preponderance of evidence, I think that the judgment would still have to be reversed, because contrary to law. It is too well established to require citation that the declaration of dividends out of surplus is solely in the discretion of the directors, and that, until the directors declare such dividend, the surplus belongs solely to the corporation, and no individual stockholder has any claim to it. To permit the president to bind the corporation by an agreement to give a valuable consideration for release of a claim to the dividend would be, in effect, to permit him, not only to assume the power to declare a dividend, which is vested solely in the directors, but it would permit him to assume even greater powers than the directors possessed, and practically allow him to declare a dividend out of the surplus, payable only to a single stockholder. The right to a share in the surplus belongs,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not to the stockholders when the surplus is earned, but to the stockholder when the surplus is divided. The directors themselves, therefore, could make no agreement for a release of this surplus until the dividend is declared; for the person who is the owner of the stock when the dividend is actually declared would undoubtedly have the right to claim that he alone had the right to share in the dividend, and no agreement made with his predecessor in title to the stock without his knowledge could bind him.

Judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.